UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
PRESTIN HAMILTON and ZAIRE OWUSUANSAH,

                              Plaintiffs,                    **COMPLAINT**

            -against-                                        Jury Demand


THE CITY OF NEW YORK,
ADMINISTRATION OF CHILDREN SERVICES,
HORIZON JUVENILE CENTER,
JOHN AND JANE DOES 1-10

                              Defendants.
-------------------------------------------------------------------------x


        Plaintiffs PRESTIN HAMILTON and ZAIRE OWUSUANSAH ("Plaintiffs") by

and through their attorney Vik Pawar, Esq., respectfully allege as follows:


        1.      Plaintiffs brings this action for compensatory damages, punitive damages

and attorney's fees for violations of their civil rights, as secured by statutes and the

Constitution of the United States and the State of New York.  This action is brought

pursuant to 42 U.S.C. 1983 and 1988.  The Plaintiffs invoke the Court's supplemental

jurisdiction under 28 U.S.C. 1367.

        2.      Plaintiffs have complied with conditions precedent to filing state law claims

by filing timely notices of claim, agreeing to attend 50h hearings and giving the City

adequate time to settle their claim and this lawsuit is commenced within one year and

ninety days of the incident.

## PARTIES

3.    Plaintiffs are citizens of the United States, and at all relevant times residents of the County of Bronx, and CITY and State of New York.

4.    Defendant CITY of New York (hereinafter "CITY") is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

5.    Defendant Administration of Children Services ("ACS") is an agency operating under the auspices of defendant CITY and operates, manages and oversees defendant Horizon Detention Center ("HORIZON").

6.    The John and Jane Does 1-10 ("individual defendants") are or were employed by the CITY at HORIZON and acted under the color of state law and are sued in their individual capacities.

## FACTS

7.    Plaintiffs were juveniles housed at Horizon which is overseen and run by defendants ACS and the City.

8.    Horizon has a persistent problem of overcrowding, understaffing, failure to train and protecting individuals like plaintiffs from assault by other inmates and staff at Horizon.

9.    On April 4, 2024, plaintiffs were housed in B-Hall a dormitory type location at Horizon. B-Hall only has the capacity of 6-8 juvenile residents. A-Hall which is in close proximity to B-Hall has the capacity of approximately 16-18 juvenile residents. A-Hall has always been overcrowded and housed/houses violent juveniles who need extra

attention to ensure safety for other inmates and staff.

10. On April 4, 2024, earlier in the day, individual defendants became aware that someone from B-Hall had been accused by residents of A-Hall of throwing urine into their unit/dormitory.

11. The individual defendants knew that trouble was brewing between the residents of A-Hall and B-Hall. However, they failed to do anything about diffusing the problem.

12. On April 4, 2024, after the residents of B-Hall had finished their breakfast, they were being escorted back from the cafeteria to their dormitory at B-Hall by the individual defendants.

13. During this transport the individual defendants left the door to A-Hall wide open. As a result, residents from A-Hall swarmed into B-Hall and started assaulting the residents of B-Hall.

14. B-Hall residents were clearly outnumbered by the residents of A-Hall by more than 2-1.

15. The residents of A-Hall also grabbed a key from the individual defendants who were clearly understaffed and unable to stop the residents of A-Hall.

16. The residents of A-Hall had contraband on them which included knives, razors, scalpels and home-made shanks.

17. Plaintiffs who were residents of B-Hall ran for cover while the individual defendants simply stood there and did nothing.

18. The A-Hall residents assaulted the plaintiffs and other residents of B-Hall and cut them in their neck, face and all over their body.

19.    The individual defendants who were clearly understaffed failed to bring the situation under control and pull any emergency alarms to obtain additional assistance from other defendants employed at Horizon.

20.    The plaintiffs were further grabbed and held by individual defendants while the residents from A-Hall assaulted them.

21.    The individual defendants and staff are known to be inadequately trained and are always sleeping on the job.

22.    The entire incident was caught on camera.

23.    As a result of the forgoing the plaintiffs suffered permanent psychological and physical injuries.

## AS AND FOR A FIRST CAUSE OF ACTION
*(Monell- Deliberate Indifference)*

24.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

25.    While plaintiffs were detained at HORIZON they were brutally beaten by other juvenile inmates.

26.    This incident is the result of decades of inaction by the City and ACS to the behavior of the individual defendants identified herein at juvenile facilities operated by the City and ACS.

27.    The City and ACS have long known about the problem of violence in juvenile facilities and their failure to prevent harm from other inmates. Prior lawsuits, public reports, government investigations, internal investigations, and criminal investigations have repeatedly shined a light on this persistent problem. More recently, but

4

going back to 2019, the court-appointed monitor in *Nunez v. City of New York* has reported on problems at Horizon, including violence by officers against Horizons residents.

28.     Yet, City and ACS policymakers have failed to take necessary steps to remedy these conditions. The City and ACS have adamantly failed to properly supervise, train, and discipline special officers who have committed wrongful acts. Instead, the City and ACS have maintained a custom and practice of deliberate indifference to excessive and unnecessary force at juvenile facilities and inadequately staff or train the employees to prevent harm from inmate on inmate violence.

29.     As a result of City's and ACS's deliberate inaction, the excessive use of force has become pervasive in juvenile facilities operated by the City and ACS. This custom and practice was the moving force behind plaintiffs' injuries, and their demand to be made whole from those injuries, are subject of this Complaint.

30.     The City of New York's deliberate indifference to the unconstitutional conditions at Horizon is now such a well-known fact that it is a matter of which the court can take judicial notice.[1]  A news report also documented these incidents.[2]

31.     Even though City policymakers have long-known of the unconstitutional conditions at these facilities - from personal observations, prior lawsuits, public reports, governmental investigations, and the City's own internal investigations - City

---

[1] The public reports of the court-appointed *Nunez* monitor lay out in detail the problems at Rikers. The Court can take judicial notice of those reports, which are publicly available at http://tillidgroup.com/projects/nunez-monitorship/#reports,     and     Plaintiff     hereby incorporates the facts conveyed in those reports into his Complaint.). In addition, there have been numerous lawsuits filed in the SDNY and Bronx State Courts that are incorporated in this complaint.
[2] https://nypost.com/2022/12/17/attacks-at-bronx-horizon-juvenile-center-on-the-rise/

policymakers have utterly failed to take necessary steps to remedy the conditions at Horizon. Plaintiffs' injuries were the direct causal connection between the city's deliberate indifference and the injuries inflicted on them by the defendants. Despite being aware of these need for adequate hiring, training, staffing, disciplining, and need for more space for housing and separating high-risk inmates who are juveniles, the City failed to act over a decade which was the causal connection of that failure to the injuries suffered by plaintiffs.

## AS AND FOR A SECOND CAUSE OF ACTION
(Failure to Protect/Conditions of Confinement/Deliberate Indifference)

32.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

33.    The defendants knew that the juveniles from two separate halls had a problem with each other and trouble was brewing and that threats were made prior to the incident.

34.    Despite being aware of these threats, the individual Defendants did absolutely nothing to safeguard plaintiffs and failed to undertake any measures to prevent the assault on plaintiffs.

35.    Defendants were unable to protect plaintiffs because they were inadequately staffed and or trained or simply stood by while plaintiffs were assaulted.

## AS AND FOR A THIRD CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress under the laws of New York)

36.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

37.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

6

38.    The aforementioned conduct was committed by Defendants while acting within the scope and furtherance of their employment by Defendant City. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiffs.

39.    As a result of the aforementioned conduct, Plaintiffs suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

40.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

41.    Defendant City owed a duty to individuals like Plaintiffs.

42.    Defendant City breached its duty when individual Defendants and ACS and Horizon engaged in and participated in the violation of Plaintiffs' rights.

43.    As a result, Plaintiffs suffered injuries.

44.    Plaintiffs' physical and emotional injuries herein were caused by the carelessness, recklessness and negligence of the Defendant and their employees and agents, who were on duty and acting in the scope of their employment engaging in the wrongful conduct described herein.

## AS AND FOR A FIFTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

45.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

46.    Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the

7

wrongful conduct described herein that caused Plaintiffs' irreparable physical and emotional injuries.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene)

47. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

48. The individual defendants knew that plaintiffs were in danger.

49. Plaintiffs had informed these defendants about the threats that they faced from the ACS staff and from other juvenile inmates.

50. Defendants knew about trouble brewing and had the time and opportunity to safeguard plaintiffs from harm.

51. Defendants failed to take adequate measures such as increased staffing, maintaining an eye on imminent incidents.

52. Despite knowing about the full risk to plaintiffs, defendants ignored them and left plaintiffs vulnerable to physical and mental assault from the defendants and other juvenile inmates.

53. As a result, plaintiffs suffered permanent physical and mental injuries.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Negligent training, staffing, disciplining, supervising)

54. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

55. Because of the known history, defendant City knew it has an obligation to adequately screen its staff prior to hiring them, provide them with adequate training prior

8

to putting them into shifts, disciplining staff if they committed a mistake and adequately supersizing them.

56.     Defendant City also had an obligation to adequately staff facilities such as Horizon and prevent any overcrowding issues while maintaining control and supervision of facility such as Horizon.

57.     Due to defendant City's negligence in ensuring the foregoing, the plaintiffs suffered injuries.

**WHEREFORE**, Plaintiffs seeks judgment against the defendants individually, jointly, severally for compensatory and punitive awards to be determined by the jury for each and every cause of action, costs, expenses and attorney fees, and any other relief that the Court may deem just and proper.

Dated:    January 9, 2025
          New York, New York 10007

                                        VIK PAWAR, PLLC

                                        Vik Pawar,
                                        20 Vesey Street, Suite 1410
                                        New York, NY 10007